ALEXANDER HUNTER *v.* ANN C. HUNTER ET AL.

**Principal and Surety—Injunction Bond—Release of Sureties.**

An attempt to do that which is beneficial to sureties on an injunction bond will not have the effect of releasing them from liability or delay plaintiff in his remedy against them.

**Executors and Administrators—Liability for Taxes.**

An administrator is not liable for taxes on real estate of deceased.

**Pleading—Reply—Matter Litigated.**

Where matter set up in the answer has been previously litigated, it must be reached by reply, where it does not appear from the record.

APPEAL FROM NELSON CIRCUIT COURT.

October 23, 1873.

OPINION BY JUDGE PRYOR:

When the injunction was dissolved the appellant had the right to his execution on the original judgment, and when

levied or placed in the hands of the sheriff, it was in aid of the responsibility of the sureties and calculated to relieve them from the payment of the judgment. The attempt to do that which was beneficial to the sureties certainly ought not to have the effect to release them from liability, or even delay the appellant in his remedy against them. They undertake to pay the judgment and the appellant can proceed against them at once to make it. If the judgment is satisfied by the original debtor, it bars the action; and any payment made by the debtor can be relied on as a discharge to that claim. The demurrer should have been sustained to the second paragraph of the answer. This defense should show a state of fact making the administrator liable for the taxes. If on real estate the taxes are claimed, the representative can not be made to pay. Whether the matters in the answer have been previously litigated between the parties, does not appear from this record. This being the case the only mode of reaching it is by reply. The demurrer should have been sustained to the first and second paragraphs of the answer. The judgment of the court below is reversed and the cause remanded with directions to sustain the demurrer with leave to amend, and for further proceedings consistent with this opinion. Judge Hardin not sitting.

*Johnson,* for appellant.

*Muir & Wickliffe,* for appellees.